[No. B021249. Second Dist., Div. Two. July 2, 1987.]

LINDSAY PAUL BURNELLE, Plaintiff and Appellant, v. CONTINENTAL CAN COMPANY, INC., Defendant and Respondent.

## COUNSEL

Royce & Inferrera, George R. Royce, John M. Inferrera and William J. Moon for Plaintiff and Appellant.

Spray, Gould & Bowers, Robert M. Dean and Robert D. Brugge for Defendant and Respondent.

## OPINION

**FUKUTO, J.**—Plaintiff, Lindsay Paul Burnelle (Burnelle), appeals from a judgment in favor of Continental Can Company, Inc. (Continental), following the hearing of Continental's motion for judgment on the pleadings.

On April 1, 1983, Burnelle was employed by Continental as a seamless can line maintainer. His job was to watch the flow of cans, remove jam ups and to perform routine maintenance on the machines. During the course of his employment, he reached into a can necking machine to remove a piece of scrap which had become lodged inside. He hit the jog button which started the machine and his hand was pinched between a hose clamp and the base of the machine.

On May 3, 1983, Burnelle filed an application for adjudication of claim with the Workers' Compensation Appeals Board alleging an injury sustained when his hand was caught in a machine.

On June 29, 1983, Burnelle filed a complaint for personal injuries against Continental in the superior court. In two separate counts, he alleges his

employer knowingly removed or knowingly failed to install a "point of operation guard" on a power press, in violation of Labor Code section 4558,[1] and as a result of his employer's violation of this statute, he "suffered and continues to suffer, permanent injuries to his person, body and health, including but not limited to, severe injuries to the muscles, tissues and nerves of his hand, . . ."

On June 4, 1985, pursuant to written stipulation of the parties, the Workers' Compensation Appeals Board made an award in favor of Burnelle and against Continental and its insurance carrier, Western Employer's Insurance Company.

On December 19, 1985, Continental filed a motion for judgment on the pleadings in the personal injury action on the basis that the final judgment entered in the worker's compensation proceedings was a merger and a bar to appellant's personal injury action based on the doctrine of res judicata.

On April 21, 1986, the trial court granted Continental's motion for judgment on the pleadings, and on May 1, 1986, entered its judgment.

Burnelle appeals the judgment and assigns as error an earlier discovery ruling.[2]

---

[1]Section 4558 reads, in part: ". . . [¶] (b) An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death. [¶] (c) No liability shall arise under this section absent proof that the manufacturer designed, installed, required, or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer. Proof of conveyance of this information to the employer by the manufacturer may come from any source."

[2]With respect to the discovery ruling, Burnelle contends, "The trial court committed error when it allowed [Continental] to withdraw a request for admission that had been affirmatively responded to."

In February of 1985, Continental served a set of request for admissions on Burnelle, including one which provided: "Prior to and including April 1, 1983, no machine guard or guarding was ever in place or installed in that area of the machine where Mr. Burnelle placed his hand at the time of the injury." Thereafter, Burnelle admitted this request for admission. On January 10, 1986, prior to the hearing on Continental's motion for judgment on the pleadings, Continental moved to withdraw the request, contending that newly discovered evidence showed that Continental had placed a guard on the machine. Continental's motion was granted.

The discovery ruling complained of was not a basis of the court's granting Continental's motion for judgment on the pleadings. Since we are of the opinion that the judgment must be reversed, the judgment is no longer final and review of the discovery ruling would be inappropriate at this time. (Cf. *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].)

 Burnelle contends, "The trial court erred in granting the motion for judgment on the pleadings because Labor Code section 4558 is clearly made a cumulative remedy by Labor Code section 3600 (b) and therefore the findings and award in the workmens' compensation action is not res judicata."[3]

Labor Code section 3600 provides for employer liability for injuries to employees arising out of and in the course and scope of employment. Section 3602, rewritten in 1982, provides that where conditions of compensation exist, such compensation, as provided, is the exclusive remedy against the employer for injury of the employee, except as specifically provided in that section, and in sections 3706 and 4558.[4]

In enacting section 4558, the Legislature created an exception to the exclusive remedy rule, on which this action is based.

At the same time it enacted section 4558, the Legislature amended section 3600, adding subdivision (b), which provides: "Where an employee, or his or her dependents, receives the compensation provided by this division and secures a judgment for, or settlement of, civil damages pursuant to those specific exemptions to the employee's exclusive remedy set forth in . . . Section 4558, the compensation paid under this division shall be credited against the judgment or settlement, and the employer shall be relieved from the obligation to pay further compensation to, or on behalf of, the employee or his or her dependents up to the net amount of the judgment or

---

[3] All statutory references are to the Labor Code unless otherwise indicated.

[4] Section 3602 reads: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer. [¶] (b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer. [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer. [¶] (3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person. [¶] (c) In all cases where the conditions of compensation set forth in Section 3600 do not concur, the liability of the employer shall be the same as if this division had not been enacted."

settlement received by the employee or his or her heirs, or that portion of the judgment as has been satisfied."

Burnelle contends that section 3600, subdivision (b) allows an injured employee to file, simultaneously, a worker's compensation claim and an action at law in the superior court. The employee is free, under Burnelle's interpretation, to pursue his worker's compensation claim to judgment and, thereafter, to continue his action at law. Should a judgment be rendered in favor of the employee in the superior court action, the employer would be obligated to pay, in addition to the worker's compensation benefits already paid in satisfaction of the worker's compensation judgment, further compensation to the employee up to the net amount of the judgment. According to Burnelle, the words, " 'the compensation' can only mean any and all compensation including . . . [an] award by the board. Otherwise, the [L]egislature would have said some compensation or any compensation or simply the word compensation without any article or modifier."

Continental contends that where a worker's compensation claim has been brought to final judgment, the personal injury action and the worker's compensation claim merge and under the doctrine of res judicata, the employee is barred from continuing his or her action at law in the superior court. According to Continental, section 3600, subdivision (b) is silent about instances where an employee has taken his worker's action to final judgment. It is concerned with only those instances where an employee has "received" worker's compensation benefits. Continental argues that it is well known that an employee may receive worker's compensation benefits before a worker's compensation action is brought or concluded, and section 3600, subdivision (b) is nothing more than a recognition of the law which permitted an employee to receive worker's compensation benefits and at the same time bring a civil suit for damages where one of the statutory exceptions applied. Continental concludes that the statute was enacted to preclude the injustice of the double recovery against the employer when the employee has "received" some worker's compensation benefits before the civil action is concluded.

Section 3600, subdivision (b), made effective January 1, 1983, has not yet been interpreted by the courts. A review of legislative history materials discloses no discussion as to whether the Legislature intended the interpretation urged by Burnelle or the one proposed by Continental.

Cases cited by Burnelle and Continental are of little value in our analysis. Section 3602 had not yet been rewritten, subdivision (b) had not yet been

added to section 3600, and 4558 had not yet been enacted when these cases were decided, or, the events had occurred prior to the legislative action described above and, thus, the statutes were inapplicable to the facts of the cases.[5]

We believe the plain language of the statute supports Burnelle's interpretation. The word "compensation" is defined to include "every benefit or payment conferred by Division 4 upon an injured employee, . . ." (§ 3207.) The term "compensation," as used in the Workers' Compensation Act, is a technical one and includes all payments conferred by the act upon an injured employee, and does not have the same meaning as does compensation with reference to payment to an employee of wages or salary for services performed. The latter is remuneration for work done, while the former is indemnification for injury sustained. (*Hawthorn* v. *City of Beverly Hills* (1952) 111 Cal.App.2d 723 [245 P.2d 352].) A compromise award made to an employee by an employer's worker's compensation insurer is "compensation" within the Workers' Compensation Act. (*Aetna Life Ins. Co.* v. *Ind. Acc. Com.* (1952) 38 Cal.2d 599 [241 P.2d 530].)

We conclude the words "the compensation," as that term is used in section 3600, subdivision (b), include: (1) those sums received by the employee prior to a final adjudication of his worker's compensation claim, and (2) those sums received by the employee in the form of an award following a final adjudication of the employee's worker's compensation claim. Thus, where an employee has received an award under the Workers' Compensation Act and thereafter pursues his civil action brought pursuant to section 4558 to judgment, the employer is entitled to a setoff. Any sums paid by the employer pursuant to the worker's compensation award shall be credited against the judgment in the civil action, up to the net amount of the judgment. By providing for this setoff, we believe the Legislature intended the actions at law specifically permitted by section 4558 to be cumulative to the employee's worker's compensation remedy and not subject to merger and bar under the doctrine of res judicata.

---

[5] Burnelle cites *Young* v. *Libbey-Owens Ford Co.* (1985) 168 Cal.App.3d 1037 [214 Cal. Rptr. 400] and *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], which allowed civil tort actions by employees in addition to worker's compensation remedies.

Continental cites *Hollywood Refrigeration Sales Co.* v. *Superior Court* (1985) 164 Cal. App.3d 754 [210 Cal. Rptr. 619] and *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967 [104 Cal.Rptr 42, 500 P.2d 1386], which held that the doctrine of res judicata may bar a second suit whether it be a civil action for damages or a worker's compensation proceeding. Continental argues that the cases relied upon by Burnelle allow civil actions only for separate injuries not encompassed in the worker's compensation proceedings.

The judgment is reversed. Respondent, Continental, to bear costs of appeal.

Roth, P. J., and Gates, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 23, 1987.