Filed 8/20/12

# IN THE SUPREME COURT OF CALIFORNIA

LeFIELL MANUFACTURING CO., )
 )
  Petitioner, )
 )  S192759
  v. )
 ) Ct.App. 2/3 B226240
THE SUPERIOR COURT OF LOS )
ANGELES COUNTY, )
 ) Los Angeles County
  Respondent; ) Super. Ct. No. VC055585
 )
O'NEIL WATROUS et al., )
 )
Real Parties in Interest. )
_____)

Where an employee is injured in the course and scope of his or her employment, workers' compensation is generally the exclusive remedy of the employee and his or her dependents against the employer.  (Lab. Code, §§ 3600, subd. (a), 3602.)[1]  The "exclusivity rule" is based upon a presumed compensation bargain:  "[T]he employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

1

exchange, gives up the wider range of damages potentially available in tort."
(*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 16.)

There are, however, limited statutory exceptions to the exclusivity rule that authorize the injured worker to seek to augment the workers' compensation benefits by bringing an action at law for damages against the employer. (See §§ 3602, 3706, & 4558.) One such exception is found in section 4558, the "power press exception." Section 4558 authorizes an injured worker to bring a civil action for tort damages against his or her employer where the injuries were "proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press," where the "manufacturer [had] designed, installed, required or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer." (§ 4558, subds. (b) & (c).)

In this case, a worker injured while operating a power press without a point of operation guard brought a civil suit against his employer under the power press exception that included a claim for loss of consortium on behalf of his spouse, predicated on the facts allegedly establishing the section 4558 violation. The issue before us on review concerns only the viability of the spouse's loss of consortium claim. Section 4558 contains express language limiting standing to bring an action under the power press exception to the employee "or his or her dependents in the event of the employee's death." (§ 4558, subd. (b).) Here, the worker's injuries did not result in his death. The Court of Appeal recognized the spouse's claim for loss of consortium fell outside the express language of section 4558 and was therefore unauthorized under the power press exception to the exclusivity rule. The court further recognized the claim was barred at law by the derivative injury doctrine because it was derivative of, and therefore dependent on, the employee's physical injury or disability, and was for that reason subject to the

2

workers' compensation law's broad exclusivity rule. (*Snyder v. Michael's Stores, Inc.* (1997) 16 Cal.4th 991, 997 (*Snyder*).)

The Court of Appeal nonetheless concluded the spouse's loss of consortium claim as pleaded in the civil action remained viable. The court believed that because section 4558 authorized the injured worker to sue his employer in a court of law for his power press injuries, the claims of both the worker and his dependent spouse fell outside the workers' compensation system altogether, and accordingly, the exclusivity rule did not apply or bar the spouse's loss of consortium claim. We granted the employer's petition for review to determine whether the spouse of an injured worker may claim damages for loss of consortium in an action at law brought by the injured worker against the employer pursuant to section 4558.

As we shall explain, notwithstanding the availability of a civil cause of action for workers who suffer power press injuries, claims arising from the industrial accident that caused those injuries fundamentally remain compensable under the workers' compensation system. Consequently, under settled principles of workers' compensation law, the exclusivity rule bars a dependent spouse's claim for loss of consortium. The employer's demurrer to the loss of consortium cause of action below therefore should have been sustained. Accordingly, we shall reverse that portion of the judgment of the Court of Appeal denying the employer's petition for writ of mandate to overturn the order overruling its demurrer to the loss of consortium claim, and otherwise affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

O'Neil Watrous (employee or worker) and Nidia Watrous (spouse) (collectively, plaintiffs) filed a civil action against LeFiell Manufacturing Company (employer or petitioner) for injuries suffered by employee while

3

operating a "FENN 5f" swaging machine while working for employer. The swaging machine is a power press machine within the meaning of section 4558.[2]

The operative complaint seeks damages for negligence (first cause of action), products liability (second cause of action), and a violation of section 4558[3] (fourth cause of action). In the third cause of action, employee's spouse seeks damages for loss of consortium. She incorporated all the other causes of action alleged in the complaint, and alleges she has been deprived of employee's services in the care and management of their home and family, and of his "necessary duties as a husband."

---

[2]     A "power press" is defined as "any material-forming machine that utilizes a die which is designed for use in the manufacture of other products." (§ 4558, subd. (a)(4).)

[3]     Section 4558 provides in part:

"(b) An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death.

"(c) No liability shall arise under this section absent proof that the manufacturer designed, installed, required, or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer. Proof of conveyance of this information to the employer by the manufacturer may come from any source."

Subdivision (a)(3) defines "manufacturer" as "the designer, fabricator, or assembler of a power press."

Subdivision (a)(5) defines "removal" as "physical removal of a point of operation guard which is either installed by the manufacturer or installed by the employer pursuant to the requirements or instructions of the manufacturer."

Employer did not demurrer to the power press exception cause of action and concedes it is sufficiently alleged.

4

Employer filed a demurrer to the complaint, asserting the employee's causes of action for negligence and products liability were barred by the exclusivity rule of the workers' compensation laws. Employer also contended employee's spouse lacked standing to pursue or join in any cause of action for tort damages arising from the power press injury, and that her loss of consortium claim for damages was likewise barred by the exclusivity rule (§ 3600, subd. (a)), and did not fall within any of the recognized statutory exceptions to that rule.

The trial court overruled employer's demurrer to employee's causes of action for negligence and products liability. As to employee's spouse, the trial court sustained the demurrer to all causes of action except her claim for loss of consortium, concluding that because employee had pleaded sufficient facts under section 4558 to support the power press exception to the exclusivity rule, his spouse likewise could properly assert a claim at law for loss of consortium in the employee's section 4558 action.

Employer petitioned the Court of Appeal for a writ of mandate to compel the trial court to sustain its demurrer to employee's causes of action for negligence and products liability without leave to amend, based on the holding in *Award Metals, Inc. v. Superior Court* (1991) 228 Cal.App.3d 1128 (*Award Metals*). That decision holds that under the language of the power press exception of section 4558, an injured employee is not permitted to bring an action at law on causes of action that require a lesser showing than that required to establish all the elements of the power press exception under section 4558, because "[i]f such action cannot be brought on its own where the facts fail to establish all the elements of the power press exception under section 4558, it follows that individual causes of action against an employer [such as negligence or products liability] which do not meet the [stricter proof] requirements of section 4558 cannot be bootstrapped onto a

5

civil action for damages which is properly brought under [the power press exception to the exclusivity rule.]" (*Award Metals*, at p. 1134.)

Agreeing with employer's argument based on the holding in *Award Metals*, *supra*, 228 Cal.App.3d 1128, the Court of Appeal issued a peremptory writ of mandate directing the trial court to vacate its order overruling employer's demurrer to employee's negligence and products liability causes of action, and to enter a new order sustaining employer's demurrer to those causes of action without leave to amend. That aspect of the Court of Appeal's judgment is not contested, and as such, shall be affirmed.

Employer further petitioned the Court of Appeal for a writ of mandate "to command the trial court to sustain the demurrer to [employee's] spouse's claim for loss of consortium damages without leave to amend, because that cause of action is barred by the exclusivity rule in the workers' compensation laws, and the cause of action does not fall within the power press exception." The Court of Appeal disagreed, concluding spouse may plead a claim at law for damages for loss of consortium because such a claim, like the employee's own civil action for his power press injuries under section 4558, fell outside the workers' compensation laws and hence was not barred by the exclusivity rule.

We granted the employer's petition for review, limited to the question whether the spouse of an injured worker may claim damages for loss of consortium in an action at law brought by the injured worker under section 4558.

**DISCUSSION**

We begin with the statutes establishing the exclusive jurisdiction of the workers' compensation system. "Generally speaking, businesses, like other actors, must bear the costs of accidents caused by the negligent conduct of their activities; when the injured person is not an employee, and the person's claim does not derive from an employee's injury, the costs are assessed and recovered

6

through the civil justice system.  (Civ. Code, § 1714, subd. (a).)"  (*Snyder, supra,* 16 Cal.4th at p. 1005.)  Section 3600, in turn, establishes the exclusive jurisdiction of the workers' compensation system by furnishing an employer immunity from civil liability for any injury sustained by an employee and his or her dependents arising out of and in the course of his or her employment.

"Section 3600, subdivision (a), setting forth the conditions of compensation under the workers compensation system, provides:  'Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided . . . , shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: . . .'  Section 3602 provides, in relevant part, '(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer . . . .'  In terms similar to those of section 3602, section 3601 provides that, for a covered injury, the employee generally does not have a civil cause of action against a fellow employee.

"A fundamental condition of compensation under section 3600 and, hence, a fundamental premise of the exclusivity provided in all three sections, is that the compensation sought is for an injury to an employee.  In some circumstances, however, the bar on civil actions based on injuries to employees extends beyond actions brought by the employees themselves.  The employer's compensation obligation is 'in lieu of any other liability whatsoever *to any person*' (§ 3600, italics added), including, but not limited to, the employee's dependents (§ 3602) for work-related injuries to the employee.  This statutory language conveys the

7

legislative intent that 'the work-connected injury engender[] a single remedy against the employer, exclusively cognizable by the compensation agency.' (*Williams v. State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 122.)

"Based on the statutory language, California courts have held workers' compensation proceedings to be the exclusive remedy for certain third party claims deemed collateral to or derivative of the employee's injury. Courts have held that the exclusive jurisdiction provisions bar civil actions against employers by nondependent parents of an employee for the employee's wrongful death (*Treat v. Los Angeles Gas etc. Corp.* (1927) 82 Cal.App. 610, 615-616), by an employee's spouse for loss of the employee's services (*Gillespie v. Northridge Hospital Foundation* (1971) 20 Cal.App.3d 867, 868-870) or consortium (*Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 162-163; *Casaccia v. Green Valley Disposal Co.* (1976) 62 Cal.App.3d 610, 612-613; *Williams v. State Compensation Ins. Fund, supra,* 50 Cal.App.3d at p. 123), and for emotional distress suffered by a spouse in witnessing the employee's injuries (*Cole v. Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d at p. 163; *Williams v. Schwartz* (1976) 61 Cal.App.3d 628, 631-634)." (*Snyder, supra,* 16 Cal.4th at pp. 996-997; see also *Caso v. Nimrod Productions, Inc.* (2008) 163 Cal.App.4th 881, 894-895 [loss of consortium]; *Colombo v. State of California* (1991) 3 Cal.App.4th 594, 599 [same].)

As a factual matter, spouse's claim for loss of consortium is unquestionably derivative of, and dependent on, employee's industrial injuries. Such a claim at common law has four elements: "(1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; [¶] (2) a tortious injury to the plaintiff's spouse; [¶] (3) loss of consortium suffered by the plaintiff; and [¶] (4) the loss was proximately caused by the defendant's act." (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 746, fn. 2, citing 4 Levy et al., Cal. Torts (2006) Loss

8

of Consortium, section 56.02[2], at p. 56-4.) "A cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse." (*Hahn v. Mirda,* at p. 746.)

The Court of Appeal below recognized that spouse's claim for loss of consortium was barred by the derivative injury doctrine because it was derivative of, and therefore necessarily dependent on, the employee's physical injury or disability, and for that reason was subject to the workers' compensation law's exclusivity rule. (*Snyder, supra,* 16 Cal.4th at p. 997; *Casaccia v. Green Valley Disposal Co., supra,* 62 Cal.App.3d at pp. 612-613; *Williams v. State Compensation Ins. Fund, supra,* 50 Cal.App.3d at p. 123.)

The Court of Appeal also recognized that the power press exception to the exclusivity rule created in section 4558 itself contains express language limiting standing to bring an action under that section to the employee "or his or her dependents in the event of the employee's death." (§ 4558, subd. (b).) Here, employee's injuries did not result in his death. Accordingly, the court properly recognized that spouse's claim for loss of consortium fell outside the express language of section 4558 and was therefore unauthorized by that section.

The Court of Appeal nonetheless went on to conclude, "*Since* [*employee's*] *injury is outside the workers' compensation bargain, his spouse's dependent claim also falls outside the compensation bargain of section 3600.* The loss of consortium claim, however, is only viable if [employee] establishes his power press injury. Thus, [employee's] spouse must plead the power press injury as the 'tortious conduct' element of her loss of consortium claim. (See *Hahn v. Mirda* [, *supra,*] 147 Cal.App.4th [at p.] 746, fn. 2.)" (Italics added.)[4]

---

[4]    *Hahn v. Mirda, supra,* 147 Cal.App.4th 740, was simply cited by the Court of Appeal for the common law definition of loss of consortium and the settled proposition that such a claim, by its nature, is derivative of, and thus dependent on,

The Court of Appeal's conclusion that the availability of an action at law pursuant to section 4558 for employee's power press injuries results in all of his claims falling outside the workers' compensation system, and its further conclusion that, consequently, spouse's derivative loss of consortium claim also falls outside the compensation bargain of section 3600, and is thus not barred by the exclusivity rule, were in error. What the Court of Appeal appears to have overlooked is that, notwithstanding the availability of a civil action at law for his power press injuries, employee's claims arising from his industrial accident remain compensable under the workers' compensation system.

" 'In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . .' [Citations.]" (*California Teachers Assn. v. Governing Bd. Of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 634.) "Section 4558 was enacted as part of an extensive overhaul of the workers compensation system designed to address perceived inadequacies in the rules. Employees claimed benefits were too low, while employers and their insurers felt the system was too costly, particularly due to the increasing number of exceptions to the workers' compensation exclusive remedy rule. The resulting legislation reflected a carefully crafted compromise among employer, employee and insurer groups providing increased benefits for injured workers and their families and the potential for decreased expenses for the employer by strengthening the exclusive remedy rules. In the final legislative package there were only four circumstances under which a worker could bring a civil action against the employer, including the power press exception at issue here. [¶] The language of section 4558 reflects the Legislature's careful drafting of the terms triggering the application of the statute."

the injured spouse's physical injuries. (*Id.* at p. 746.) The decision has no further bearing on the issue before us.

10

(*Jones v. Keppeler* (1991) 228 Cal.App.3d 705, 709.)  Accordingly, the power press exception to the workers' compensation exclusivity rule in section 4558 must be narrowly construed.

Section 4558 is an exception to the workers' compensation exclusivity rule only to the extent that it authorizes an employee who suffers a power press injury to seek to *augment* his or her recovery under the workers' compensation system. The section does not purport to supplant recovery under the workers' compensation system with an action at law for damages where facts establishing the elements of a power press injury cause of action under section 4558 can be alleged and proved.  This is made clear in subdivision (b) of section 3600, which provides, "Where an employee, or his or her dependents, receives the [workers'] compensation provided by this division *and* secures a judgment for, or settlement of, civil damages pursuant to those specific exemptions to the employee's exclusive remedy set forth in subdivision (b) of Section 3602 and Section 4558, the compensation paid under this division shall be credited against the judgment or settlement, and the employer shall be relieved from the obligation to pay further compensation to, or on behalf of, the employee or his or her dependents up to the net amount of the judgment or settlement received by the employee or his or her heirs, or that portion of the judgment as has been satisfied."  (Italics added.)

In short, subdivision (b) of section 3600 expressly establishes that the remedy of tort damages in an action at law pursuant to the power press exception in section 4558 (as well as the other statutory exceptions to the exclusivity rule referred to in subdivision (b) of section 3602)[5] is intended to *augment*, and not

---

[5]      The other circumstances under which an employee may bring an action at law for his or her industrial injury include:  (1) injury caused by the employer's willful physical assault; (2) injury aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with employment; and (3) injury caused by a defective product manufactured by the employer and

11

replace, the remedies otherwise available to compensate for the industrial injury under the workers' compensation system. Should the injured worker prevail in his or her suit, either through judgment or settlement, the employer will then be entitled to a setoff or credit against that judgment or settlement for any workers' compensation benefits paid to the worker. (§ 3600, subd. (b).)

The decision in *Burnelle v. Continental Can Co*. (1987) 193 Cal.App.3d 315 (*Burnelle*) is in accord. In that case a worker sustained a power press injury, filed a workers' compensation claim, and shortly thereafter filed a civil action for damages against his employer pursuant to section 4558. Two years later, pursuant to written stipulation of the parties, the Workers Compensation Appeals Board made an award in favor of the injured worker and against the employer and its insurance carrier. The employer subsequently filed a motion for judgment on the pleadings in the civil action on the basis that the final judgment entered in the workers' compensation proceedings was a merger and a bar to the employee's civil action based on the doctrine of res judicata. (*Id.* at pp. 316-317.)

The *Burnelle* court disagreed with the employer's argument, reasoning that "the words 'the compensation,' as that term is used in section 3600, subdivision (b), include: (1) those sums received by the employee prior to a final adjudication of his worker's compensation claim, and (2) those sums received by the employee in the form of an award following a final adjudication of the employee's workers' compensation claim. Thus, where an employee has received an award under the Workers' Compensation Act and thereafter pursues his civil action brought pursuant

sold to a third party but used by the employee in his work. (§ 3602, subd. (b).) Section 3706 further provides, "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." As with the power press exception, the right to seek tort damages in an action at law under the other statutory exceptions is expressly limited to the employee "or his or her dependents *in the event of his or her death*." (§ 3602, subd. (b), italics added.)

12

to section 4558 to judgment, the employer is entitled to a setoff.  Any sums paid by the employer pursuant to the worker's compensation award shall be credited against the judgment in the civil action, up to the net amount of the judgment.  By providing for this setoff, we believe the Legislature intended the actions at law specifically permitted by section 4558 to be *cumulative* to the employee's worker's compensation remedy and not subject to merger and bar under the doctrine of res judicata." (*Burnelle, supra,* 193 Cal.App.3d at p. 320, italics added.)

Our conclusion is further supported by contrasting the language of subdivision (a) of section 3600 and subdivision (c) of section 3602, read together, with that of subdivision (b) of section 4558.  Under subdivision (a) of section 3600, the exclusive liability under the workers' compensation system applies when the "conditions of compensation concur."  Such conditions include that the employee is performing services arising from or incidental to his or her employment, that the injury was proximately caused by the employment, and that the injury or death are not self-inflicted, all of which were met in this case.  If these conditions of compensation are not present, then subdivision (c) of section 3602 states, "the liability of the employer shall be the same as if this division had not been enacted."  In other words, when the "conditions of compensation" do not "concur," the injuries arising in those circumstances are outside of the workers' compensation bargain, and courts are to address such injuries as if the workers' compensation system did not exist.

In contrast, subdivision (b) of section 4558, as noted, provides that for injuries resulting from the removal or failure to install a point of operation guard on a power press, "[a]n employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer."  The language of subdivision (b) of section 4558 is therefore narrower than that of subdivision (a) of section 3600 and subdivision (c) of section 3602, read together,

13

insofar as it defines the limited factual circumstances under which an employee or his or her dependents may bring an action at law for damages for a power press injury, but does not suggest such an industrial injury is entirely outside of the workers' compensation bargain. The Legislature has the ability to expand the scope of section 4558 to reach the present instance, but has not done so. It is not within the providence of this court to interpret section 4558 beyond what is specifically provided for in the statute.

Last, our conclusion is supported by the holding in *Award Metals, supra,* 228 Cal.App.3d 1128, which explains that "[f]rom the plain language of section 4558, it is clear that an exception to the exclusivity of workers' compensation only arises for a power press injury where the employer has been expressly informed by the manufacturer that a point of operation guard is required, where the employer then affirmatively removes or fails to install such guard, and where the employer does so under conditions known by the employer to create a probability of serious injury or death. Absent facts which would establish the employer's knowledge or action regarding the absence of a point of operation guard on a power press, the incident would not come within the exception of section 4558, and an employee would not be entitled to bring 'an action at law for damages' arising from the power press injury. If such action cannot be brought on its own where the facts fail to establish all the elements of the power press exception under section 4558, it follows that *individual causes of action against an employer which do not meet the requirements of section 4558 cannot be bootstrapped onto a civil action for damages which is properly brought under section 4558.*" (*Award Metals*, at p. 1134, italics added.)

We have explained it is settled that a claim of loss of consortium on behalf of the spouse of a worker who suffers an industrial injury compensable under the workers' compensation system is barred under the derivative injury and workers'

14

compensation exclusivity rules.  (§ 3600, subd. (a); *Snyder, supra,* 16 Cal.4th at p. 997; *Williams v. State Compensation Ins. Fund, supra,* 50 Cal.App.3d at p. 122.)  The elements of such a claim at common law are inapposite to the statutory elements of a civil cause of action for a power press injury under section 4558.  For example, an industrial injury suffered on the job is required to trigger a workers' compensation claim as well as a civil action for damages under section 4558, whereas a claim for loss of consortium at common law requires only "a tortious injury to the plaintiff's spouse." (*Hahn v. Mirda, supra,* 147 Cal.App.4th at p. 746, fn. 2.)  The elements of spouse's claim for loss of consortium have little in common with the strict proof requirements of employee's action at law for damages for his power press injuries, and cannot be "bootstrapped" onto that civil action.  (*Award Metals, supra,* 228 Cal.App.3d at p. 1134.)

In sum, both compensation under the workers' compensation laws, and recovery of tort damages through a civil action where the strict elements of a statutory claim for a power press injury can be made out, are available to the worker who suffers such an industrial injury while on the job.  Should the power press injury result in death, the Legislature has expressly provided that the worker's dependents may pursue the civil cause of action authorized by section 4558 on the worker's behalf.  (§ 4558, subd. (b).)  But where, as here, the worker's power press injuries do not prove fatal, the Legislature has expressly *restricted* standing to bring the action at law authorized under subdivision (b) of section 4558 to the injured worker alone.  The availability of a civil remedy for the injured worker, to augment his or her workers' compensation benefits should he or she prevail in court, does not take the case outside of the workers' compensation system.  Consequently, derivative claims of dependent family members, such as spouse's claim for loss of consortium here, remain barred under the workers' compensation law's exclusivity rule.  (*Snyder, supra,* 16 Cal.4th at p. 997.)

15

### CONCLUSION

That portion of the judgment of the Court of Appeal denying the petition for writ of mandate to overturn the trial court's order overruling the demurrer to the loss of consortium claim is reversed, and the matter remanded to the Court of Appeal for further proceedings consistent with the views expressed herein. In all other respects the judgment is affirmed.

BAXTER, J.

WE CONCUR:

CANTIL-SAKAUYE, C.J.
KENNARD, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** LeFiell Manufacturing Company v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 193 Cal.App.4th 1413
**Rehearing Granted**

_____

**Opinion No.** S192759
**Date Filed:** August 20, 2012

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Yvonne T. Sanchez

_____

**Counsel:**

Malek & Malek, Sandra L. Malek and Jeffrey L. Malek for Petitioner.

No appearance for Respondent.

Law Offices of Christopher E. Purcell, Purcell Law, Christopher E. Purcell and Christina D. Bennett for Real Parities in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jeffrey L. Malek
Malek & Malek
3625 Del Amo Boulevard, Suite 350
Torrance, CA  90503
(310) 540-5100

Christina D. Bennett
Purcell Law
1539 E. Fourth Street
Santa Ana, CA  92701
(714) 884-3006