Filed 8/25/22  Mendez v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| ATZIM MENDEZ, et al., | B311860 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC696035) |
| v. | |
| DIANE WILLIAMS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Raul A. Sahagun, Judge.  Affirmed.

Gerald Philip Peters for Plaintiffs and Appellants.

Schumann, Rosenberg & Arevalo, Kim Schumann, Jeffery P. Cunningham, and David P. Reid, for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiffs[1] appeal from the trial court's judgment based on its orders granting summary adjudication in favor of defendant[2] on plaintiffs' causes of action for strict liability and loss of consortium.  On appeal, plaintiffs purport to challenge the court's amended order granting summary adjudication on a negligence cause of action that was not alleged against defendant.  We affirm the judgment.

# II.    FACTUAL BACKGROUND[3]

## A.    *The Accident*

On October 28, 2016, while working for Precision Tube Bending (Precision), Atzim was injured by a hydraulic tube bender machine.  The machine (machine 16) was manufactured in 1955 by Pines Engineering Co., Inc. (Pines).

---

[1]    Plaintiffs are Atzim Mendez (Atzim) and his wife Maria Del Carmen Mendez (Maria).

[2]    Defendant is Diane Williams, doing business as (dba) D&D Leasing.

[3]    Because we decide this appeal on procedural grounds, we provide only a summary of the factual background as context for the discussion below.

B.    *The Lease*

In early 1982, the then owner of machine 16, Stainless Steel Products, Inc. (the seller), contacted Precision about selling it and four other used pipe bending machines.  But Precision's CEO[4] did not want to incur new debt by purchasing the five machines outright prior to the resolution of a pending probate action.  Precision therefore "directed [defendant] to acquire" the machines and then lease them to Precision.  At the time, defendant was the general manager of Precision, but she did not have any ownership interest in the company.

To finance the purchase, defendant obtained a personal loan from a bank secured by the five machines, using the loan proceeds to purchase the machines from the seller.

In April 1982, defendant created a dba, D&D Leasing, for the sole purpose of facilitating the lease of the machines to Precision.  That same month, pursuant to a written lease agreement, defendant began leasing the machines to Precision.  Defendant continually leased the machine to the company through and including the date of the October 2016 accident.

---

[4]    At the time, defendant's mother was the president and CEO of Precision.  According to defendant, "the owner of the company did not want to buy—put out $30,000 for the equipment."

# III.  PROCEDURAL BACKGROUND

## A.  *Original Complaint and Summary Judgment Motion*

In March 2018, plaintiffs filed their original complaint against Precision and two other entities allegedly involved in either the manufacture or supply of machine 16—Pines and Art Thomas Machinery Co. (Thomas).  The complaint asserted causes of action on behalf of Atzim for negligence, strict liability, breach of warranty, and violation of Labor Code section 4558, as well as a loss of consortium cause of action on behalf of Maria.  That original complaint did not name defendant as a party to the action.

In August 2019, plaintiffs filed a Doe amendment to their complaint naming D&D Leasing, i.e., defendant, as Doe number 3.  The amendment substituted defendant for Doe number 3 "wherever [that fictitious name] appear[ed] in the complaint"; defendant was thus named as a party to each of the five causes of action.

In November 2019, plaintiffs agreed to dismiss defendant from the second (strict liability), third (breach of warranty), and fourth (violation of Labor Code section 4558) causes of action, leaving only the negligence and loss of consortium causes of action against her.  On July 24, 2020, defendant filed her original motion for summary judgment seeking adjudication of both the negligence and loss of consortium cause of action against her.

B.      *Motion to Amend, Amended Complaint, and*
        *Supplemental Motion*

In September 2020, after receiving defendant's summary judgment motion, plaintiffs filed an ex parte application for leave to amend their complaint on the grounds that they had inadvertently dismissed the strict liability cause of action against defendant.  The trial court granted plaintiffs leave to amend, after which they filed a first amended complaint in October 2020 naming defendant in the second cause of action (strict liability) and the fifth cause of action (loss of consortium).  Although plaintiffs named Pines and Thomas as defendants in the first cause of action for negligence, they did not name defendant as a party to that cause of action.

In November 2020, defendant filed a supplemental notice of motion for summary judgment, or in the alternative, summary adjudication (the motion), in which she noted that she was only named in the strict liability and loss of consortium cause of action, but also stated that "in an abundance of caution and in the event the first cause of action (for negligence) is directed against [defendant], she also directs this [m]otion to [the first] cause of action for negligence."

In her supplemental memorandum of points and authorities, defendant argued that the negligence, strict liability, and lost consortium causes of action were each barred by the "[c]omplete [d]efense of [b]eing a [f]inance [l]essor."

Plaintiffs opposed the motion.

C.    *Ruling on Motion*

On December 10, 2020, the trial court held a hearing on the motion and, following argument, took the matter under submission.  That same day, the court issued a minute order ruling that the motion was moot, in part, and granted, in part.  According to the court, the motion as to the first cause of action for negligence was moot because that cause of action was not asserted against defendant.

On the strict liability cause of action, the trial court granted the motion for summary adjudication.  The court also granted summary adjudication on the loss of consortium cause of action, concluding that it was dependent on the second cause of action for strict liability.

Based on its summary adjudication rulings on the only two causes of action asserted against defendant, the trial court granted defendant's summary judgment motion.  And, on December 16, 2020, the court entered a judgment in favor of defendant.

On February 16, 2021, two months after the entry of judgment, the parties executed and filed a stipulation requesting that the trial court enter a proposed amended order that granted summary adjudication in favor of defendant on the first cause of action for negligence.  According to the parties, "for the sake of judicial economy," they agreed and stipulated that the court's "determination that [defendant] is a '[f]inance [l]essor' would apply to [plaintiffs' n]egligence [c]ause of [a]ction . . . and that the [c]ourt, accordingly, would grant summary adjudication to [defendant] as a '[f]inance [l]essor' as to the [n]egligence [c]ause of [a]ction . . . ."  That same day, the court entered an amended

6

order which included a ruling granting summary adjudication in favor of defendant on the first cause of action for negligence. The parties did not, however, request that the court amend the judgment to conform it to the order.

On March 3, 2021, plaintiffs filed a notice of appeal from the judgment entered December 16, 2020.

## IV.    DISCUSSION

### A.    *Negligence Cause of Action*

As detailed above, in its order on the motion, the trial court ruled that the request for summary adjudication on the negligence cause of action was moot because defendant was not named in that cause of action, a procedural ruling that plaintiffs did not contest at the time. The court then entered judgment based on that original order without any objection by plaintiffs.

In their opening brief, plaintiffs did not seek review of the trial court's procedural determination that the motion as to the negligence cause of action was moot. Instead, they sought review and reversal of the court's purported amended order granting summary adjudication on the negligence cause of action based on its conclusion that defendant was a finance lessor.[5] We requested that the parties brief whether we had jurisdiction to grant the requested relief on the negligence cause of action and on the related question of whether the court had jurisdiction to

---

[5]    At oral argument, counsel confirmed that plaintiffs did not challenge the trial court's ruling on the strict liability cause of action.

7

amend the merits of its original summary judgment order after it had entered a judgment based on it.

In their letter brief, plaintiffs contend that (1) defendant was a party to the negligence cause of action in the first amended complaint because she was added as a Doe defendant to the original complaint; (2) the trial court therefore erred when it ruled that she was not a party to the negligence cause of action in the amended complaint; and (3) the court had jurisdiction to amend the original order on the motion, even after entry of judgment, because the amendment did not affect the judgment. We disagree.

Although defendant was added to the original complaint as Doe number 3, plaintiffs subsequently filed an amended complaint that superseded their original pleading. (*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130–1131.) In the amended complaint, plaintiffs asserted only the second (strict liability) and the fifth (loss of consortium) causes of action against defendant. She was not named in the first (negligence) cause of action. Because each separately stated cause of action must specifically identify the party or parties against whom it is directed (Cal. Rules of Court, rule 2.112), it is undisputed that the first cause of action for negligence did not include defendant as a party. The trial court therefore correctly concluded that defendant's motion as to that cause of action was moot, as it could not grant her effective relief on a cause of action to which she was not a party.

Moreover, once the trial court entered judgment on the original order, it lacked jurisdiction to amend it. "The general rule is that once a judgment has been entered, the trial court loses its unrestricted power to change that judgment. The court

8

does retain power to correct clerical errors in a judgment which has been entered.  However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error.  [Citations.] . . . [¶] . . . [¶]  The difference between judicial and clerical error rests not upon the party committing the error, but rather on whether it was the deliberate result of judicial reasoning and determination.  The distinction between clerical error and judicial error is whether the error was made in rendering the judgment, or in recording the judgment rendered." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1237–1238 (*Rochin*).)  Contrary to plaintiffs' assertion, the proposed amendment to the original order was substantive because it sought to alter the legal basis of the original procedural ruling.

The trial court therefore lacked jurisdiction to affect the substance of the judgment by amending its order to include a ruling on the merits of the negligence cause of action.  The amended order on the motion was therefore "void and of no effect." (*Rochin, supra*, 67 Cal.App.4th at p. 1238.)

B.      *Loss of Consortium*

Plaintiffs concede that Maria's cause of action for loss of consortium against defendant is dependent on the viability of Atzim's negligence cause of action against defendant. (*LeFiell Manufacturing Co. v. Superior Court* (2012) 55 Cal.4th 275, 284 [cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse].)  Because we reject plaintiffs' contentions regarding their negligence cause of action, we similarly reject plaintiffs'

9

contentions regarding the court's ruling on the loss of consortium cause of action.

## V.    DISPOSITION

The judgment is affirmed.  Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

10