Filed 10/31/23 Certified for Publication 11/28/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROSE JONES et al., | |
| Plaintiffs and Appellants, | G061787 |
| v. | (Super. Ct. No. 30-2020-01171595) |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Stephanie George, Judge.  Affirmed.

Ledezma Robles & Babaee and Jorge Ledezma for Plaintiffs and Appellants.

McCune & Harber, Stephen M. Harber and Amy A. Evenstad for Defendant and Respondent.

Rose Jones, an employee of the Regents of the University of California (the University), was injured while riding her bike on University grounds on her way home from work. She and her husband filed this action against the University, and the latter moved for summary judgment. The University asserted, inter alia, that Jones was limited to workers' compensation under that system's "exclusivity" rule.[1] Although an employee's commute is generally outside the workers' compensation scheme, the University argued Jones's injuries were subject to the scheme under the "premises line" rule, which extends the course of employment until the employee leaves the employer's premises. The trial court agreed and granted summary judgment for the University.

Appellants challenge the trial court's ruling, claiming, inter alia, that a triable issue remained as to whether the premises line rule applied to Jones's accident based on a variety of factors. As discussed below, we conclude the factors appellants cite raise no question about the rule's application. We therefore affirm.

FACTS

I. *Jones's Accident*

Jones worked for the University as the Director of Scholarship Opportunities at the University of California, Irvine (UCI) campus. On the day of the incident, at the end of her workday, she exited her office suite at UCI's science library, walked her bike a short distance to the bike path on Outer Ring Road, mounted her bike, and began riding toward her home. After riding for about 10 seconds, Jones reached a trench, cordoned off with orange posts and caution tape. Upon noticing the obstacle, she swerved and attempted to brake but fell off her bike and sustained injuries.

---

[1] Jones's husband asserted a single claim for loss of consortium. The parties agree his claim is dependent on Jones's substantive claims. Thus, we do not discuss it separately.

II. *This Action and Summary Judgment*

After the accident, appellants sued the University, Jones alleging premises liability and negligence, and her husband alleging loss of consortium. The parties and the trial court subsequently treated Jones's claims as a claim for dangerous condition of public property under Government Code section 835.

Following discovery, the University moved for summary judgment, claiming that Jones's injuries occurred within the course of her employment and that the workers' compensation exclusivity rule therefore barred this action.[2] It noted Jones was still on the University's premises and argued her injuries were subject to the workers' compensation scheme under the premises line rule. The University alternatively contended Jones could not recover under Government Code section 835 because she did not exercise due care at the time of the accident.

In opposition, Jones argued, inter alia, that there was a triable issue on whether the premises line rule applied because its applicability is "not an easy question" and "depend[ed] on many factors." She noted, among other things, that she was leaving work, rather than arriving, was in an area designated for public use, and using means of her choice to commute across UCI's large campus. She further argued there was a triable issue on whether she used due care at the time of her accident.

Following a hearing, the trial court granted the University's motion for summary judgment. It concluded the exclusivity rule barred Jones's claim because her injuries occurred within the course of her employment as a matter of law based on the premises line rule. It further concluded that, as a matter of law, Jones did not use due care at the time of the accident. This appeal followed.

---

[2]    As discussed below, under the exclusively rule, workers' compensation is generally an employee's sole remedy against the employer for injuries sustained in the course of his or her employment. (*LeFiell Manufacturing Co. v. Superior Court* (2012) 55 Cal.4th 275, 279 (*LeFiell Manufacturing*).)

3

Appellants challenge both of the trial court's grounds for granting summary judgment. They argue the workers' compensation exclusivity rule did not bar Jones's claims as a matter of law because a triable issue remained on whether her injuries occurred within the course of her employment under the premises line rule. They also contend a triable issue remained on whether Jones used due care at the time of the accident. As discussed below, we conclude Jones's injuries occurred within the course of her employment as a matter of law and thus the workers' compensation exclusivity rule barred her claim.[3]

I. *Governing Principles*

A. *Summary Judgment*

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. [Citation.] A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. [Citation.] If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. [Citation.] A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment. [Citation.] [¶] We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the

---

[3] Given our conclusion that the exclusivity rule barred appellants' claims, we need not consider their contention regarding Jones's use of due care. We observe, however, that for purposes of liability under Government Code section 835, the question is not whether Jones used due care but whether the condition of the property was dangerous if used with due care. (*Mathews v. City of Cerritos* (1992) 2 Cal.App.4th 1380, 1384 [due care element of claim under Gov. Code, § 835 "refers to use by the public generally, not the contributory negligence of the particular plaintiff who comes before the court"].)

opponent." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636-637.)

B. *The Workers' Compensation Exclusivity Rule*

"Where an employee is injured in the course and scope of his or her employment, workers' compensation is generally the exclusive remedy of the employee and his or her dependents against the employer. (Lab. Code, §§ 3600, subd. (a), 3602.) The 'exclusivity rule' is based upon a presumed compensation bargain: '[T]he employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.' [Citation.]" (*LeFiell Manufacturing*, *supra*, 55 Cal.4th at p. 279, fn. omitted.)

The workers' compensation statutes must be "liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) "This is so even where it might be to the advantage of a particular plaintiff to avoid workers' compensation benefits and seek a remedy at law." (*Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 470.)

C. *The Premises Line Rule*

Under the judicially created "'going and coming rule,'" an employee's injury while commuting to and from work is not compensable under the workers' compensation system absent "special or extraordinary circumstances." (*Hinojosa v. Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 153, 157.) Over time, this rule "became the subject of significant criticism, the California Supreme Court, for example, describing it as a "'slippery concept,'" "'riddled with exceptions,'" and difficult to apply uniformly. [Citation.]" (*Wright v. State of California* (2015) 233 Cal.App.4th 1218,

5

1230 (*Wright*).) "Such criticism led, among other things, to the premises line rule." (*Ibid.*)

"In an effort to create a 'sharp line of demarcation' as to when the employee's commute terminates and the course of employment commences, courts adopted the premises line rule, which provides that the employment relationship generally commences once the employee enters the employer's premises. [Citation.]" (*Wright*, *supra*, 233 Cal.App.4th at p. 1231.) "Prior to entry[,] the going and coming rule ordinarily precludes recovery [of workers' compensation benefits]; after entry, injury is generally presumed compensable as arising in the course of employment." (*General Ins. Co. v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595, 598 (*General Ins. Co.*).) The same rule applies to determine the end of the course of employment: generally, once employment has begun, it continues, and injury is presumed to be compensable, until the employee leaves the employer's premises. (*Makins v. Industrial Accident Com.* (1926) 198 Cal. 698, 701 (*Makins*) ["the same rule applies when the employee is leaving such working premises[,] provided he does not unnecessarily loiter thereon"]; accord, 65 Cal.Jur.3d (2015) Work Injury Compensation, § 244.)

While some cases broadly state that the course of employment includes "'a reasonable margin of time and space'" used in passing to and from the employee's workstation, the California Supreme Court has clarified that this language refers simply to the employee's travel between his or her workstation and the point of entry of the employer's premises. (*General Ins. Co.*, *supra*, 16 Cal.3d at pp. 599-600.) Highlighting the merits of the premises line rule, our Supreme Court explained: "The 'premises line' has the advantage of enabling courts to ascertain the point at which employment begins— objectively and fairly. This outweighs the disadvantages incurred by attempting to formulate and apply a subjective rule justly. As Professor Larson has so clearly pointed out, '(i)t is a familiar problem in law when a sharp, objective, and perhaps somewhat arbitrary line has been drawn . . . to encounter demands that the line be blurred a little to

6

take care of the closest cases.  For example, one writer says that there is no reason in principle why states should not protect employees "for a reasonable distance" before reaching or after leaving the employer's premises.  This, however, only raises a new problem . . . because it provides no standard by which the reasonableness of the distance can be judged.  It substitutes the widely-varying subjective interpretation of "reasonable distance" by different administrators and judges for the physical fact of a boundary line.  At the same time, it does not solve the original problem, because each time the premises are extended a "reasonable distance," there will inevitably arise new cases only slightly beyond that point—and the cry of unfairness of drawing distinctions based on only a few feet of distance will once more be heard.'  [Citation.]"  (*Id.* at p. 599.)

II.  *Analysis*

We conclude the worker's compensation exclusivity rule barred appellants' claims because Jones's injuries occurred in the course and scope of her employment as a matter of law.  Her accident occurred on UCI's campus, undisputedly owned by the University, just after she left her workstation.  Under these circumstances, the premises line rule brought Jones's injuries within the worker's compensation scheme.  (*General Ins. Co.*, *supra*, 16 Cal.3d at p. 598.)

In attempting to avoid this conclusion, appellants argue a triable issue remained on whether the premises line rule applied to Jones's injuries based on the following factors:  (1) Jones was leaving work, rather than arriving; (2) her means of commute was not employer-designated, and her route was not reserved for employees but also used by students and the general public; and (3) UCI's campus was large.  They claim the University could not carry its burden because it failed to present evidence regarding the campus's size and attempted no "demarcation of where the premises line should reasonably be placed."

Appellants' arguments are unpersuasive.  The circumstances they reference raise no question about the applicability of the premises line rule.  Appellants cite no case

7

suggesting any of the factors they proffer, or any combination thereof, defeats the rule. Indeed, California Supreme Court precedent demonstrates that none of those factors preclude application of the premises line rule.

In *Smith v. Industrial Accident Com.* (1941) 18 Cal.2d 843, 845-846 (*Smith*), the court held that an island-fair employee's injury while travelling to a ferry terminal on his way home from work was within the scope of his employment. The entire island, comprising several hundred acres, was under the employer's control. (*Id.* at p. 845.) Employees, concessioners, and fair goers all used the island's roads, the exclusive routes of travel on the island. (*Ibid.*) The ferry, however, was neither operated nor controlled by the employer, and the court did not indicate it was the only means of transportation off the island. (*Ibid.*) The employee checked out at the employer's administration office at the end of his workday and jumped on the back of a passing truck travelling toward the ferry terminal, although he could have walked. (*Id.* at pp. 846, 850.) He later injured himself jumping off the truck. (*Id.* at p. 846.) Applying the premises line rule, our Supreme Court concluded the employee's injuries were compensable under the workers' compensation scheme. (*Id.* at pp. 847-848.)

Under *Smith*, the factors appellants cite do not overcome or modify the premises line rule. As here, the employee in *Smith* was leaving work, rather than arriving. (*Smith, supra*, 18 Cal.2d at p. 846; see also *Makins*, *supra*, 198 Cal. at p. 701.) As here, the employee in *Smith* travelled using the means of his choice—riding on a truck, rather than walking, on his way to a ferry operated by a third party—on roads also used by non-employees.[4] (*Smith*, at pp. 845-846.) And as here, the employer's premises

---

[4]     Appellants erroneously assert the employer in *Smith* "provided" transportation to and from the island. As noted, the employer there neither operated nor controlled the ferry. (*Smith*, *supra*, 18 Cal.2d at p. 845.)

8

in *Smith* were expansive. [5] (*Id.* at p. 845.) Thus, just as the circumstances appellants reference did not supersede the premises line rule in *Smith*, they do not do so here.

Appellants' protests that the University failed to provide evidence on the size of the campus or attempt to prove where the premises line "should reasonably be placed" based on the factors discussed above are misguided. The premises line rule is meant to provide a "'sharp line of demarcation'" (*Wright*, *supra*, 233 Cal.App.4th at p. 1231), based on the "'physical fact of a boundary line'" (*General Ins. Co.*, *supra*, 16 Cal.3d at p. 599). It therefore enables courts to determine the point at which employment begins "objectively and fairly." (*Ibid.*). Appellants' approach would have courts, juries, and claims administrators engage in difficult subjective determinations involving multi-factor analyses, making the premises line yet another "'slippery concept'" that is "difficult to apply uniformly." (*Wright*, *supra*, 233 Cal.App.4th at p. 1230.) Yet these are the very problems the courts sought to avoid in adopting the rule. (*Ibid.*) Appellants' approach would lead to anything but "'relatively swift and certain payment of benefits'" to eligible employees—the employee's side of the presumed bargain underlying the workers' compensation scheme. (*LeFiell Manufacturing*, *supra*, 55 Cal.4th at p. 279.)

The sole case appellants cite holding that an employee's injury on the employer's premises was potentially outside the workers' compensation scheme, *Wright*, *supra*, 233 Cal.App.4th 1218, is unhelpful to their position. There, a correctional officer who resided on prison grounds sustained injuries near his residence, on his way to work. (*Id.* at pp. 1222-1223.) While helpfully describing the premises line rule, the court in *Wright* concluded another rule—the "bunkhouse rule"—determined whether the employee's injuries occurred within the course of his employment. (*Id.* at p. 1231.) It

---

[5] We additionally observe that the vastness of UCI's campus had little to do with the fact that Jones sustained her injuries on University grounds, given that her accident occurred about 10 seconds into her ride home.

explained, "While the premises line establishes when *a nonresident* employee enters the course of his or her employment, an employee who resides in employer-owned housing is differently situated." (*Ibid.*, italics added.)  The latter's injuries are analyzed using the bunkhouse rule, under which "'[w]hen an employee is injured while *living* on the employer's premises, the course of employment requirement . . . is satisfied if the employment contract . . . contemplates, or the work necessity requires, the employee to reside on the employer's premises.' [Citation.]" (*Id.* at p. 1234.)  Applying that rule to the facts before it, the court concluded there was a triable issue on whether the employee's injury occurred in the course of his employment.  (*Id.* at pp. 1234-1235.)  The bunkhouse rule has no application to Jones, who did not reside on University grounds.  Because the premises line rule brought Jones's injuries within the workers' compensation scheme, the exclusivity rule barred her tort claim.[6]

---

[6]  Appellants additionally argue that a "dual capacity" exception to the exclusivity rule authorizes their claims.  They maintain that at the time of her injuries, Jones was simply a "pedestrian or bike path user."  Labor Code section 3602, subdivision (a), directly contradicts appellants' contention, providing, "The fact that either the employee or the employer also occupied another or dual capacity . . . at the time of[] the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer."

10

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.

11

Filed 11/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROSE JONES et al., | |
| Plaintiffs and Appellants, | G061787 |
| v. | (Super. Ct. No. 30-2020-01171595) |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | O R D E R |
| Defendants and Respondents. | |

The California Lawyers Association (CLA) Workers' Compensation Section has requested that our opinion filed on October 31, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.