[No. C041520. Third Dist. May 14, 2003.]

NATHAN A. LOMELI, Plaintiff and Respondent, v.
DEPARTMENT OF CORRECTIONS, Defendant and Appellant;
STATE PERSONNEL BOARD, Real Party in Interest and Respondent.

COUNSEL

Robert K. Gaultney and Stephen A. Jennings for Defendant and Appellant.

Carroll, Burdick & McDonough and Timothy K. Talbot for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

OPINION

**SIMS, Acting P. J.**—Appellant California Department of Corrections (CDC) appeals from a judgment granting a petition for writ of mandate filed by respondent Nathan A. Lomeli. The judgment directed issuance of a peremptory writ of mandate commanding CDC to comply with an administrative decision and order by real party in interest State Personnel Board (SPB), requiring CDC to reinstate Lomeli to his former position as correctional officer and pay him backpay and benefits. In this appeal, CDC argues Lomeli's writ petition in the trial court was premature because CDC still had time to seek judicial review of the SPB decision. We disagree and shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Lomeli was employed by CDC as a nonprobationary correctional peace officer at a correctional facility.

On December 1, 2000, CDC terminated Lomeli's employment for alleged misconduct under Government Code section 19572. The documents appended to the writ petition reflect the alleged misconduct consisted of rape, sexual assault, and other sex offenses committed in Santa Cruz on September 18, 1998, and dishonesty when interviewed about the sexual misconduct on July 12, 2000. Criminal charges were filed but were dismissed on May 20, 1999, on the prosecutor's motion due to insufficient evidence.

Lomeli filed with SPB an administrative appeal of the CDC disciplinary action.

On March 13, 2001, after an evidentiary hearing, the administrative law judge (ALJ) issued a proposed decision revoking the entire disciplinary action against Lomeli based on CDC's failure to comply with the one-year limitations period governing disciplinary actions against peace officers under

the Public Safety Officer's Procedural Bill of Rights Act (POBR), Government Code section 3300 et seq. The ALJ noted Government Code section 3304, subdivision (d), required the public agency to complete its investigation and notify the officer of proposed disciplinary action within one year of the alleged misconduct (tolled while criminal charges were pending). The ALJ also determined the dishonesty charge was inexorably intertwined with the underlying allegations and therefore did not trigger a new limitations period.

On March 20, 2001, SPB adopted the ALJ's proposed decision to revoke the entire disciplinary action as untimely.

On May 2, 2001, CDC filed a petition for rehearing with SPB. SPB granted the petition for rehearing and scheduled the matter for oral argument.

On October 2, 2001, SPB adopted a resolution stating that, after consideration of the case upon rehearing, SPB "adopts the findings of fact and determination of issues of the [ALJ], and revokes the entire disciplinary action taken against [Lomeli] as untimely . . . ."

On October 30, 2001, Lomeli's attorney sent a letter to CDC asking when Lomeli would be returned to work.

On November 26, 2001, CDC responded that it intended to file a writ of administrative mandate to reverse SPB's decision, and Lomeli should not expect to return to work or receive backpay "until the appeal process has run its course."

On February 6, 2002, Lomeli filed in the trial court a petition for peremptory writ of mandate, asking the trial court to command CDC to comply with SPB's decision by reinstating Lomeli to his position as correctional officer and paying him all backpay and benefits.

In response to Lomeli's writ petition seeking to enforce SPB's decision, CDC did not immediately file an administrative mandamus petition challenging SPB's decision.[1]

CDC filed a demurrer and an opposition to Lomeli's petition.

---

[1] The parties dispute whether CDC was required to file any such challenge as a compulsory counterclaim. It appears CDC initiated such a challenge in a separate proceeding in a different county many months after Lomeli's petition was filed in February 2002. Thus, CDC's opening brief on appeal, filed October 3, 2002, asserted CDC had until October 19, 2002, to seek judicial review of SPB's decision. CDC's reply brief on appeal, filed December 12, 2002, asserts it filed a petition for writ of administrative mandamus in Monterey County

CDC's demurrer asserted (1) Lomeli failed to exhaust administrative remedies because SPB had expressly retained jurisdiction to resolve disputes over the amount of backpay,[2] yet Lomeli had not requested such a hearing before SPB, and (2) Lomeli's petition was premature because CDC had one year in which to seek judicial review of the SPB decision (Gov. Code, § 19630),[3] and the one year had not yet expired, and therefore the underlying action (the SPB decision) was not yet final (Code Civ. Proc., § 1049[4]) and could not be enforced.

Lomeli opposed the demurrer, arguing among other things that (1) there was no dispute over calculation of backpay warranting a request for further SPB hearing, and (2) section 1049 applied only to civil "actions" initiated under the Code of Civil Procedure and did not apply to Lomeli's administrative appeal to SPB. Lomeli cited case law that the limitations period of Government Code section 19630 applied only to employees, not employers. Lomeli also asserted the same statute compelled him to file his writ petition within 90 days after his cause arose (CDC's November 26, 2001, refusal to

---

Superior Court, which was transferred to Sacramento County Superior Court, and is pending. At oral argument in this court, CDC's counsel said the trial court denied CDC's petition for a writ of administrative mandamus, and CDC would be filing a notice of appeal from that decision. We need not and do not decide any issue concerning CDC's petition.

[2] The ALJ's proposed decision, adopted by SPB, said the dismissal was revoked and the matter "is hereby referred to the Chief Administrative Law Judge and shall be set for hearing upon written request of either party in the event the parties are unable to agree as to the salary, benefits and interest, if any, due [Lomeli] under the provisions of Government Code section 19584." CDC does not advance this failure-to-exhaust-administrative-remedies argument in this appeal.

Government Code section 19584 provides in part: "Whenever the board revokes or modifies an adverse action and orders that the employee be returned to his or her position, it shall direct the payment of salary and all interest accrued thereto, and the reinstatement of all benefits that otherwise would have normally accrued."

[3] Government Code section 19630, a provision governing state civil service, provides: "No action or proceeding shall be brought by any person having or claiming to have a cause of action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on or related to any civil service law in this state, or the administration thereof, unless that action or proceeding is commenced and served within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose. The person shall not be compensated for the time subsequent to the date when the cause or ground arose unless that action or proceeding is filed and served within 90 days after the cause or ground arose. Where an appeal is taken from a decision of the board, the cause of action does not arise until the final decision of the board.

"This section shall not be applicable to any action or proceeding for the collection of salary or wage, the amount of which is not disputed by the state agency owing that salary or wage."

[4] Undesignated statutory references are to the Code of Civil Procedure.

Section 1049 provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

comply with the SPB order) in order to protect his right to recover backpay for the time subsequent to SPB's decision.

CDC's reply to the opposition to its demurrer argued the writ was untimely, as follows: "In Lomeli's opposition brief he states . . . that CDC informed him, on November 26, 2001, that his request for reinstatement and back pay was premature pending [CDC's] filing a writ of administrative mandamus and Lomeli filed this petition for a writ of ordinary mandate only on February 6, 2002 and served it on February 21, 2002. But a writ of ordinary mandate, when there is no statutory deadline for filing, must be filed no later than 60 days after the cause of action arose."

Thus, CDC argued Lomeli's writ petition was filed too late, because it was not filed within 60 days of CDC's refusal to honor the SPB decision.

As indicated, CDC also filed an opposition to Lomeli's writ petition. CDC reiterated its argument that the writ petition was premature and said it would stipulate to bind itself to the one-year period of Government Code section 19630.

On May 3, 2002, the trial court issued a tentative ruling, stating in part: "[CDC's] demurrer is OVERRULED. An administrative decision becomes final when the reviewing agency, here [SPB] has no further power to reconsider or hear a claim. (*Chas. L. Harney, Inc. v. State of California* (1963) 217 Cal.App.2d 77, 98 [31 Cal.Rptr. 524].) [CDC]'s contention that . . . section 1049 precludes the administrative decision from becoming final until the time for appeal has passed lacks merit inasmuch as [s]ection 1049, on its face, applies only to a civil 'action' initiated pursuant to the Code of Civil Procedure. The administrative proceeding before [SPB] does not qualify as such a proceeding, and its decision (as confirmed after CDC's petition for rehearing was denied) is final. While [CDC] does have the right to challenge the decision through its own writ proceeding, it has not chosen to do so. [Lomeli] was clearly obligated to initiate this action given Government Code section 19630's requirement that he serve and file his Petition within 90 days after the administrative decision became final in order to protect his right to all back pay."

On May 14, 2002, the trial court issued a judgment granting Lomeli's petition for writ of mandate. On May 17, 2002, a peremptory writ issued, commanding CDC to reinstate Lomeli and pay him his backpay and benefits.

CDC appeals.

D<span style="font-variant:small-caps">ISCUSSION</span>

## I. *Standard of Review*

■ "In reviewing the trial court's ruling on a writ of mandate, the appellate court is ordinarily confined to an inquiry as to whether the findings and judgment of the trial court are supported by substantial, credible and competent evidence. This limitation, however, does not apply to resolution of questions of law where the facts are undisputed. In such cases, as in other instances involving matters of law, the appellate court is not bound by the trial court's decision, but may make its own determination. [Citation.]" (*Rodriguez v. Solis* (1991) 1 Cal.App.4th 495, 502 [2 Cal.Rptr.2d 50].)

## II. *Withdrawal of Contention*

At oral argument, CDC withdrew the argument, made in its appellate brief, that the trial court should have dismissed Lomeli's petition as untimely because it was filed too late. We therefore need not address the matter.

## III. *The Petition Was Not Filed Too Early*

■ CDC argues Lomeli's petition was premature because it was filed before the expiration of CDC's time for challenging SPB's decision.

Section 1085, subdivision (a) provides in pertinent part, "[a] writ of mandate may be issued by any court to any inferior . . . board . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ."

Although not clearly articulated by CDC, its argument is that it had no duty to comply with SPB's decision by reinstating Lomeli or paying him backpay, because the SPB decision would not be final for enforcement purposes until after expiration of the time for an appeal by CDC challenging SPB's decision. We shall conclude CDC has failed to meet its burden of demonstrating grounds for reversal of the judgment.

As noted by CDC, there is a difference between finality for enforcement purposes and finality for appeal purposes. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [63 Cal.Rptr.2d 74, 935 P.2d 781].) For example, *Sullivan* observed a judgment is final when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. While it is pending

on appeal, a judgment is both "final" in the sense that it is appealable and not "final" in the sense that the appeal remains unresolved. (*Ibid.*)

As a general rule, an order of an administrative agency attains administrative finality when the agency has exhausted its jurisdiction and possesses no further power to reconsider or rehear the claim. (*Long Beach Unified Sch. Dist. v. State of California* (1990) 225 Cal.App.3d 155, 169 [275 Cal.Rptr. 449] [addressing finality for purposes of administrative collateral estoppel]; *Chas. L. Harney, Inc. v. State of California, supra*, 217 Cal.App.2d 77, 98.) CDC has made no claim that SPB had the power to reconsider the Lomeli claim after SPB, upon rehearing, on October 2, 2001, adopted the ALJ's decision and revoked the disciplinary action against Lomeli.

With specific reference to SPB decisions, Government Code section 18710[5] provides in pertinent part, "[a]ll orders and decisions of [SPB] shall be obeyed by and are binding upon all parties to a proceeding before it . . . ." The statute authorizes SPB to bring an action to enforce its order but further provides, "[t]his procedure for the enforcement of the orders and decisions of the board is in addition to any other means or procedure which may be provided by law. Nothing in this section shall preclude a party to a proceeding before the board from seeking judicial enforcement of an order or decision of the board." This statute reflects Lomeli's right to seek judicial enforcement of the SPB order after CDC refused to comply with SPB's order to reinstate him and pay him backpay.

CDC argues Lomeli's petition was premature because CDC had one year in which to seek judicial review of the SPB decision (Gov. Code, § 19630),[6]

---

[5]Government Code section 18710 provides: "All orders and decisions of [SPB] shall be obeyed by and are binding upon all parties to a proceeding before it, including, but not limited to, appointing powers and all their employees . . . . [¶] . . . [¶]

"If any appointing power or other party refuses or neglects to comply with any such order or decision, the board may, in its sole discretion, after investigation with or without a hearing, do any of the following: [¶] . . . [¶]

". . . Issue an order to show cause, directed to the appointing power, why the board should not file a petition for a writ of mandate to compel the appointing power to comply with the order or decision.

"If the board finds that no good cause exists [for failure to comply], the board may file a petition for a writ of mandate in the manner and in the court provided for by law to compel the appointing power or other party to comply with the order or decision.

"This procedure for the enforcement of the orders and decisions of the board is in addition to any other means or procedure which may be provided by law. Nothing in this section shall preclude a party to a proceeding before the board from seeking judicial enforcement of an order or decision of the board."

[6]Government Code section 19630, a provision governing state civil service, provides: "No action or proceeding shall be brought by any person having or claiming to have a cause of

and the one year had not yet expired, and therefore the underlying action was not yet final for enforcement purposes. Under CDC's theory, the SPB decision continues to be unenforceable, because (as asserted by CDC at oral argument), CDC plans to appeal to this court the trial court's denial of a petition for writ of administrative mandamus which was ultimately filed by CDC to challenge SPB's decision. However, assuming for the sake of argument that CDC had one year in which to seek judicial review of SPB's decision, CDC still fails to show grounds for reversal of the judgment.

Thus, CDC relies on section 1049,[7] which says an "action" is deemed to be pending until its final determination upon appeal. CDC also cites case law for the proposition that judgments are not final for enforcement purposes until the time for appeal has passed. At oral argument, CDC conceded that its argument based on section 1049 was "the ballgame" in this case.

However, this case involves not a judgment arising from a court action, but an administrative decision arising from an administrative hearing. Section 1049 does not apply to the administrative hearing process, but applies only to "actions." Section 22 defines "action" as "an ordinary proceeding *in a court of justice* by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Italics added.) Section 23 states: "Every other remedy is a special proceeding." We said in *City of Oakland v. Public Employees Retirement System* (2002) 95 Cal.App.4th 29 [115 Cal.Rptr.2d 151]: "An administrative proceeding is neither a 'civil action' . . . nor a 'special proceeding of a civil nature' . . . ." (*Id.* at pp. 48, 51 [statutes of limitations for actions do not apply to administrative proceedings].)

In its appellate brief, CDC argues two statutes (§§ 1109 and 1110) make section 1049 applicable to writ proceedings, including writs of administrative mandamus. This argument does not help CDC, because what Lomeli is

action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on or related to any civil service law in this state, or the administration thereof, unless that action or proceeding is commenced and served within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose. The person shall not be compensated for the time subsequent to the date when the cause or ground arose unless that action or proceeding is filed and served within 90 days after the cause or ground arose. Where an appeal is taken from a decision of the board, the cause of action does not arise until the final decision of the board.

"This section shall not be applicable to any action or proceeding for the collection of salary or wage, the amount of which is not disputed by the state agency owing that salary or wage."

[7]Section 1049 provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

trying to enforce is an administrative decision arising from an administrative hearing. In order to prevail, CDC would have to show that "action" in section 1049 applies to the *administrative hearing process*. At oral argument in this court, CDC clarified its argument, asserting sections 1109 and 1110 make section 1049 applicable to the administrative hearing process. However, CDC has failed to provide any authority supporting its position.

Neither section 1109 nor section 1110 helps CDC.

Section 1109 provides, "Except as otherwise provided in this Title [I], the provisions of Part 2 [including section 1049[8]] of this Code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." "This Title" refers to Title I—Review, Mandamus and Prohibition, sections 1067 to 1110b—which covers writs of review (certiorari), writs of prohibition, and mandamus petitions (traditional and administrative). It does not apply to administrative proceedings.

Of similar effect is section 1110, which provides, "The provisions of Part 2 of this code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this Title [Review, Mandamus and Prohibition], apply to the proceedings mentioned in this Title." Section 1110 says nothing about the administrative hearing process.

Since section 1049 does not apply to SPB's administrative proceeding, the cases construing section 1049 and cited by CDC (for the proposition that a civil action is not final until an appeal has been concluded) are inapplicable. (See *Pacific Gas & Elec. Co. v. Nakano* (1939) 12 Cal.2d 711, 713-714 [87 P.2d 700, 121 A.L.R. 417]; *McKee v. National Union Fire Insurance Co.* (1993) 15 Cal.App.4th 282, 285-287 [19 Cal.Rptr.2d 286]; *Purdy v. Johnson* (1929) 100 Cal.App. 416, 421 [280 P. 181].)

CDC cites *Long Beach Unified Sch. Dist. v. State of California, supra,* 225 Cal.App.3d at page 169, for the proposition that a decision of an administrative agency will not be given collateral estoppel effect until time for appeal has been exhausted. This argument confuses the doctrine of collateral estoppel effect of an administrative order (which is not at issue in this appeal) with the duty to comply with an administrative order once it is rendered. The two are simply not the same. Thus, to illustrate the point with an analogy to civil judgments, while it is doubtless true that a civil judgment will not be given collateral estoppel effect until it has become final on appeal, it is also true that the duty to comply with a judgment while it is

---

[8]"Part 2" is entitled "Of Civil Actions" and covers sections 307 to 1062.20.

pending on appeal is subject to statutory regulation, and there are many instances in which the taking of an appeal will not stay the enforcement of a judgment. (See, e.g., §§ 916, 917.1, 917.15, 917.2, 917.3, etc.)

CDC has cited us no statute or case law showing that an administrative order, final as to the SPB, is stayed pending final determination of a writ for administrative mandate challenging the order. A contrary conclusion is apparent from the fact that section 1094.5 authorizes the trial court to stay operation of the administrative decision pending judgment of the court on a petition for writ of administrative mandamus challenging the administrative decision. (§ 1094.5, subds. (g)-(h); Cal. Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) §§ 9.25-9.26, pp. 326-327.) Such provisions for a stay of operation of the administrative decision would be unnecessary if, as CDC contends, operation is automatically stayed until resolution of the administrative mandamus petition. Additionally, section 1094.5 provides: "Where any final administrative order or decision is the subject of proceedings under this section, if the petition shall have been filed while the penalty imposed is in full force and effect, the determination shall not be considered to have become moot in cases where the penalty imposed by the administrative agency has been completed or complied with during the pendency of the proceedings." (§ 1094.5, subds. (g), (h)(3).) Thus, it is contemplated there may be compliance with an administrative order before resolution of a petition for administrative mandamus challenging the merits of that administrative order.

The Legislature's scheme apparently reflects a desire that state employees who are ordered reinstated to their jobs, should not ordinarily be left without employment and backpay for several years, as Lomeli has been in this case.

At oral argument in this court, CDC acknowledged through its counsel that its entire case in this appeal turned on sections 1049, 1109, and 1110. We have explained these statutes do not support CDC's position. Rather, we conclude that SPB's decision, ordering Lomeli reinstated, became final on October 2, 2001, when SPB adopted the ALJ's decision upon rehearing. (*Long Beach Unified Sch. Dist. v. State of California, supra,* 225 Cal.App.3d at p. 169; *Chas. L. Harney, Inc. v. State of California, supra,* 217 Cal.App.2d at p. 98.) That order was enforceable by Lomeli when, on November 26, 2001, CDC refused to comply with the CDC order. (Gov. Code, § 18710.) Lomeli's writ petition, filed on February 6, 2002, was not premature, and CDC's argument to the contrary is not meritorious.

## DISPOSITION

The judgment is affirmed. Lomeli shall recover his costs on appeal.

Callahan, J., and Hull, J., concurred.