Filed 9/15/17; pub. & mod. order 10/13/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| AMERICAN CARGO EXPRESS, INC., et al., | C081125 |
| Petitioners, | (Super. Ct. No. 34201100113628) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| CALIFORNIA SELF-INSURERS' SECURITY FUND, | |
| Real Party in Interest. | |

The California Self-Insurers' Security Fund (SISF) assumed the workers' compensation obligations of Mainstay Business Solutions (Mainstay), a temporary staffing and employee leasing business, when Mainstay defaulted on its obligations to self-insure. SISF then sued Mainstay, Mainstay's clients and others to recover its costs and liabilities. Among other things, the trial court granted SISF's motion for judgment on the pleadings against Mainstay's clients. Mainstay's clients filed a petition for writ of mandate and/or prohibition in this court challenging the trial court's order.

As a threshold procedural matter, SISF contends (1) writ review is not appropriate because the main issue presented has been rendered moot by the enactment

1

of Labor Code section 3701.9.[1]  On the merits, Mainstay's clients contend (2) SISF's claim is subject to the exclusive remedy provisions of the Workers Compensation Act (§ 3200 et seq.) (the Act) and must be brought before the Workers Compensation Appeals Board (Appeals Board); and (3) their agreements with Mainstay in compliance with section 3602, subdivision (d) serve to bar SISF's civil action.

We will affirm the judgment.

BACKGROUND

We draw the following facts from the third amended complaint and the matters of which the trial court took judicial notice.

Mainstay, a division of the Blue Lake Rancheria Economic Development Corporation, is a tribal government-sponsored entity of Blue Lake Rancheria, a federally recognized Indian tribe.  Mainstay operated a temporary staffing business, assigning temporary workers to its clients.  It also operated an employee leasing business in which employees of Mainstay's clients were placed on Mainstay's payroll and leased back to the clients.[2]

---

[1]  Undesignated statutory references are to the Labor Code.

[2]  For the purposes of this case, Mainstay's clients include (1) 99 Cents Only Stores Laurel Canyon, Inc., (2) Adam Nutrition, Inc., (3) Adventure Lanka, Inc., (4) All American Containers of Southern California, LLC, (5) American Cargo Express, Inc., (6) AMR Staffing, Inc., (7) Aware Products, LLC, (8) Barstow Cooler Service, Inc. doing business as BCS Mechanical, (9) Beacon Property Management, Inc. (10) Brook Furniture Rental, Inc., (11) Brookvale International, LLC, (12) Buff and Shine Manufacturing, Inc., (13) Burbank Recycling, Inc., (14) California Cartage Company, Inc., (15) Cimarron Office Furniture Services, Inc., (16) Coneybeare, Inc., (17) Cool-Pak, LLC, (18) Custom Goods, LLC, (19) Diverse Staffing, Inc., (20) DSC Logistics, Inc., (21) EPM Sales & Leasing, LLC, (22) Extra Space Storage, Inc., (23) Fillmore Convalescent Center, LLC, (24) Four Seasons Roofing, Inc., (25) Goglanian Bakeries, Inc., (26) Green Thumb Produce, Inc., (27) H.O.T. Services, Inc., (28) Harvest Farms, Inc., (29) Heritage Paper Co., (30) Hilton Worldwide, Inc., (31) Hireground Personnel Services, Inc., (32) Hydraulics International, Inc., (33) Ideal Staffing Services, Inc., (34)

A dispute arose in 2004 between the California Department of Industrial Relations (DIR) and the California Department of Insurance (collectively, the State), on the one hand, and Blue Lake Rancheria and Mainstay, on the other. The State alleged Mainstay failed to comply with State laws requiring employers to pay workers' compensation and to secure the payment of such compensation by obtaining a certificate of consent to self-insure (certificate) or purchasing insurance through an authorized insurer. Mainstay

IDS USA Inc., (35) Ilad, Inc., (36) Inland Empire Environmental, Inc., (37) Integrated Distribution Systems, Inc. doing business as Dart Logistics Services, (38) J.M.A.C. International, Inc., (39) Jack H. Caldwell & Sons, Inc., (40) Jain Irrigation, Inc., (41) Jessie Lord Bakery, LLC, (42) Jet Delivery, Inc., (43) JRCS, Inc., doing business as Julie-Rene's Cleaning Service, (44) L.S. Owens Construction, Inc., (45) La Voie & Sons Construction, (46) Larry J. Viveiros Construction, Inc., (47) Lompoc Senior Living GP, LLC, (48) Los Angeles Poultry Co., Inc., (49) Marcus Food Co., (50) Maruzen of America, Inc., (51) McGrath Moving & Storage, Inc., (52) McGuire Builders, Inc., (53) Michael Kors (USA), Inc., (54) Midas Express, Inc., (55) Mission Provider Services, Inc., (56) Mountain House Golf Course, LLC, (57) Mylo Janitorial, Inc., (58) Nippon Express U.S.A., Inc., (59) Nutmeg Construction, Ltd., (59) On Time Staffing, Inc., (60) People's Care Senior Services, LLC, (61) Performance Team Freight Systems, Inc., (62) Pflug Packaging & Fulfillment, Inc., (63) Price Transfer, Inc., (64) Priority Personnel Services, Inc., (65) Professional Courier & Logistics, Inc., (66) Protrades Connection, (67) Providian Staffing Corporation, (68) Quest Staffing Services, Inc., (69) QUIK Mfg., Co. doing business as QMC, (70) R. Haupt Roofing Construction, Inc., (71) Raycott Healthcare Management Group, LLC, (72) Recycle America Co., LLC, (73) Reliable Resources, Inc., (74) Republic Waste Services of Southern California, LLC, (75) Schmidt Industries, Inc. doing business as Prime Plating, (76) Secure Home Improvements, Inc., (77) Sharp Healthcare, (78) Sierra Employment Services, Inc., (79) Source Interlink Companies, Inc., (80) Southern Cal Seafood, Inc., (81) Southwind Foods, LLC, (82) Square H Brands, Inc., (83) Staff Support Depot, Inc., (84) Staffchex, Inc., (85) Staff-It Group, Inc., (86) Stockton Unified School District, (87) Team-One Employment Specialists, LLC, (88) The Hedy Company, Inc. doing business as Hedy Holmes Staffing Services, (89) The Mailing House, Inc., (90) The Solaria Corporation, (91) Torn & Glasser, Inc., (92) Trichromatic-West, Inc., (93) Tri-Star Plastics, Inc., (94) US Staffing Corp., (95) USC Intermodal Services, Inc., (96) Valley Relocation and Storage of Northern California, Inc., (97) Visiting Angels/Living Assistance Services G Home Care Enterprises, L.L.C, (98) Wallner Tooling/Expac, Inc., (99) Western States Roof Systems, Inc., (100) Willmark Communities, Inc., (101) WM Recycle America, LLC, and (102) Woods Roofing, Inc.

urged that as a government-sponsored entity of a federally recognized Indian tribe it was not required to comply with State workers' compensation laws. The dispute resulted in a civil action that was ultimately resolved through a settlement agreement.

As part of the settlement agreement, Mainstay agreed to seek, and DIR agreed to issue, a certificate. In addition, Mainstay and Blue Lake Rancheria agreed to unconditionally waive sovereign immunity for "any proceedings under the workers' compensation laws," including a waiver in favor of SISF for the purpose of enforcing Mainstay's workers' compensation obligations.

DIR issued the certificate effective March 1, 2005. The workers provided by Mainstay had no other connection with Mainstay and they worked off-reservation for non-tribal employers throughout the State. The workers agreed to be bound by tribal law and to make claims in tribal court to enforce certain employment rights against Mainstay, with the exception of workers' compensation claims. Agreements between Mainstay, Blue Lake Rancheria and Mainstay's clients provided that Mainstay's certificate would cover workers' compensation benefits for the workers. Mainstay's clients benefitted from the arrangement because they avoided higher insurance premiums and did not need to obtain a certificate in their own name.

Mainstay became insolvent and defaulted on its obligations under the certificate. The Legislature had previously established SISF to provide for the continuation of workers' compensation benefits that are due to injured workers when a private self-insured employer defaults on the payment of its workers' compensation obligations. (§ 3740) On or about April 19, 2011, DIR ordered SISF to assume the workers' compensation liabilities of Mainstay pursuant to section 3701.5. (§ 3701.5, subds. (a), (b).)

SISF assumed the workers' compensation liabilities of Mainstay and has since administered over 1,000 such workers' compensation claims. SISF received approximately $16.9 million in collateral posted in connection with Mainstay's

certificate, but that collateral was exhausted on or about October 4, 2012. As of March 31, 2014, SISF paid and assumed liabilities totaling $49,872,412 for the injured-worker claims, well in excess of the Mainstay collateral.

SISF sued Mainstay, Mainstay's clients and others to recover its excess costs and liabilities. Mainstay's clients obtained summary adjudication of other causes of action, but SISF obtained judgment on the pleadings on the third cause of action based on section 3744, subdivision (c) [SISF is authorized to seek reimbursement from Mainstay's clients for the amounts SISF paid and the liabilities it assumed in excess of the security deposit posted for Mainstay's certificate, together with reasonable administrative and legal costs]. The trial court granted the request by Mainstay's clients to certify the order on the third cause of action for immediate review under Code of Civil Procedure section 166.1.[3] Mainstay's clients filed a petition for writ of mandate and/or prohibition in this court challenging the trial court's order. We issued an order to show cause and stayed the trial court proceedings on March 11, 2016. We also granted the applications of Beacon Property Management, Inc., Brook Furniture Rental, Inc., and Willmark Communities, Inc. to join in the writ petition.

STANDARD OF REVIEW

A motion for judgment on the pleadings serves the same function as a general demurrer. (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America* (1996) 44 Cal.App.4th 194, 198 (*Lance Camper Manufacturing Corp.*).) A defendant may move for judgment on the pleadings on the ground that the court has no jurisdiction

---

[3] Code of Civil Procedure section 166.1 provides, "Upon the written request of any party or his or her counsel, or at the judge's discretion, a judge may indicate in any interlocutory order a belief that there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation. Neither the denial of a request for, nor the objection of another party or counsel to, such a commentary in the interlocutory order, may be grounds for a writ or appeal."

of the subject of the cause of action alleged or that the challenged pleading does not state facts sufficient to constitute a cause of action against the defendant. (Code Civ. Proc., § 438, subd. (c)(1)(B).) Our review is confined to the face of the challenged pleading and any matters of which we may judicially notice. (Code Civ. Proc., § 438, subd. (d); *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999.) We accept as true all properly pleaded material facts alleged in the challenged pleading, but not contentions, deductions, or conclusions of fact or law. (*People ex rel. Harris v. Pac Anchor Transportation, Inc*. (2014) 59 Cal.4th 772, 777.) We give the pleading a liberal interpretation, reading it as a whole and all of its parts in their context. (*Nelson v. Superior Court* (2006) 144 Cal.App.4th 689, 692; *Lance Camper Manufacturing Corp., supra,* 44 Cal.App.4th at p. 198.) We independently determine whether the challenged pleading states a cause of action. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515; *Lance Camper Manufacturing Corp., supra,* 44 Cal.App.4th at p. 198.)

DISCUSSION

I

As a threshold matter, SISF argues writ review is not appropriate because the main issue presented has been rendered moot by the enactment of section 3701.9.

Effective January 1, 2013, a "leasing employer," a "temporary services employer," or any employer which the director of DIR determines to be in the business of providing employees to other employers can no longer obtain a certificate. (§ 3701.9, subd. (a).) A "leasing employer" and a "temporary services employer" are employing units that contract with clients to supply workers to perform services for the client and perform all of the following functions: (1) negotiate with clients for such matters as time, place, type of work, working conditions, quality, and price of the services; (2) determine assignments or reassignments of workers, even though workers retain the right to refuse specific assignments; (3) retain the authority to assign or reassign a worker to other clients when a worker is determined unacceptable by the client; (4) assign or reassign the worker to

6

perform services for a client; (5) set the rate of pay of the worker, whether or not through negotiation; (6) pay the worker from its own account or accounts; and (7) retain the right to hire and terminate workers. (Unemp. Ins. Code, § 606.5, subd. (b).) A certificate that has been issued to an employer described in section 3701.9 shall be revoked by the director not later than January 1, 2015. (§ 3701.9, subd. (b).)

The third amended complaint alleges DIR issued Mainstay a certificate, a fact we deem to be true for purposes of a motion for judgment of the pleadings. SISF does not claim section 3701.9 changed the fact that Mainstay's certificate satisfied the compensation security obligations for Mainstay and Mainstay's clients during the relevant time period. Accordingly, section 3701.9 does not render moot the issue presented: whether the agreements between Mainstay's clients and Mainstay (a self-insured employer) pursuant to section 3602, subdivision (d) bars SISF's civil action. A writ of mandate lies to challenge the trial court's order denying Mainstay's clients' motion for judgment on the pleadings. (*Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 452; *American Internat. Group, Inc. v. Superior Court* (1991) 234 Cal.App.3d 749, 755.)

II

A

Mainstay's clients argue SISF's claim is subject to the exclusive remedy provisions of the Act and must be brought before the Appeals Board.[4] SISF responds

---

[4] Mainstay's clients ask us to take judicial notice of (1) an enrolled bill report for Assembly Bill No. 1285; (2) analyses of Assembly Bill Nos. 1285 and 2724 by staff of the Senate Committee on Industrial Relations; and (3) an analysis of Assembly Bill No. 2724 by the Department of Finance. We grant the request as to those exhibits. (Evid. Code, §§ 452, subd. (c), 459; *In re J.W.* (2002) 29 Cal.4th 200, 211.) The request for judicial notice of an opposition to demurrer filed by SISF in a case before the Orange County Superior Court is denied.

that section 3744, subdivision (c) authorizes it to bring an action in superior court to recoup any costs it is forced to pay or assume. SISF is correct.

Section 3600 generally provides for workers' compensation liability irrespective of fault. (§ 3600, subd. (a).) When an employer sends an employee to do work for another employer and both have the right to exercise control over the employee, the employee may have two employers, a general employer and a special employer. (*Kowalski v. Shell Oil Co.* (1979) 23 Cal.3d 168, 174.) Both employers are responsible for paying workers' compensation. (*County of Los Angeles v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 391, 405.)

With certain exceptions set forth in the Act, the employer liability provided in section 3600 is the exclusive remedy of the employee or his or her dependents against the employer. (§§ 3600, subd. (a), 3602, subd. (a); *Flowmaster, Inc. v. Superior Court* (1993) 16 Cal.App.4th 1019, 1025; *Robomatic, Inc., v. Vetco Offshore* (1990) 225 Cal.App.3d 270, 274.) "The 'exclusivity rule' is based on a presumed compensation bargain: '[T]he employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of liability. The employee is afforded relatively swift and certain payment of benefits' " without having to prove fault, but gives up the damages potentially available in tort. (*LeFiell Manufacturing Co. v. Superior Court* (2012) 55 Cal.4th 275, 279.)

Section 5300 lists the proceedings that shall be instituted before the Appeals Board and not elsewhere "except as otherwise provided in Division 4[.]" Division 4 includes section 3744, which provides that SISF has the right to reimbursement from "an insolvent self-insurer" in "any action to collect against the self-insured as debtor." (§ 3744, subd. (a)(1).) In addition, SISF is a party in interest in "any action to obtain the security deposit for the payment of compensation obligations" of the insolvent self-insurer (§ 3744, subd. (b)) and SISF has "the right to bring an action against any person to recover compensation paid and liability assumed by the fund, including, but not limited

8

to, any excess insurance carrier of the self-insured employer, and any person whose negligence or breach of any obligation contributed to any underestimation of the self insured employer's total accrued liability as reported to the director." (§ 3744, subd. (c).)

Section 3744, subdivision (c) expressly provides that SISF can bring "an action" to recover compensation paid and liability assumed by SISF. While the statute does not define the word "action," that word generally means a judicial proceeding. (*Thornton v. California Unemployment Ins. Appeals Bd*. (2012) 204 Cal.App.4th 1403, 1413 [citing Code of Civ. Proc., § 22]; see generally *Thompson v. Miller* (2003) 112 Cal.App.4th 327, 336-337 ["action" is a lawsuit brought in a court]; *Lomeli v. Department of Corrections* (2003) 108 Cal.App.4th 788, 796 [distinguishing an administrative proceeding from a civil action].) Consistent with this understanding, section 3744, subdivision (d) refers to an action "seeking damages." "Damages" means the recovery allowed in an action at law. (§ 3209; *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 36, 43, 45-46 [distinguishing between a suit for damages and a claim for workers' compensation benefits]; *Leung v. Chinese Six Companies* (1992) 2 Cal.App.4th 801, 806 [section 4554 which provides a penalty in addition to "compensation" does not apply to a section 3706 action for damages because an action for damages does not result in "compensation"].) Other portions of Assembly Bill No. 1285, which added section 3744 to the Labor Code, refer to "proceedings before the appeals board" (Stats. 1984, ch. 252, §. 2, p. 764 [§ 3701.5, subdivision (c)]) and disputes to be resolved by the director of DIR, followed by an appeal of the director's decision to the appeals board (*id.* at p. 765 [§3701.5, former subd. (g)]), indicating that when it enacted section 3744, subdivision (c) the Legislature knew how to distinguish between a court and an administrative forum and the Legislature intended to allow SISF to bring a civil action in superior court to recover compensation it had paid.

Section 3744 is an exception to section 5300. A specific provision relating to a particular subject -- here, an action by SISF for reimbursement of compensation it has

paid -- governs with respect to that subject as against the more general provisions of section 5300. (See, e.g., *San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 (*San Francisco Taxpayers Assn.*); *Pettus v. Cole* (1996) 49 Cal.App.4th 402, 435.) SISF is authorized to bring this action against Mainstay's clients.

B

Nevertheless, Mainstay's clients assert various arguments to the contrary, which we address in turn.

Mainstay's clients argue a 1986 amendment to section 3744, subdivision (c) limited the class of persons against whom an action could be brought.[5] When it was initially enacted, section 3744, subdivision (c) stated: "The fund shall have the right to bring an action against any person to recover compensation paid and liability assumed by the fund." (Stats. 1984, ch. 252, § 5, p. 767.) The Legislature amended section 3744, subdivision (c) in 1986 to add the following language after the word fund: "including, but not limited to, any excess insurance carrier of the self-insured employer, and any person whose negligence or breach of any obligation contributed to any underestimation of the self-insured employer's total accrued liability as reported to the director." (Stats. 1986, ch. 1128, § 17, p. 4060.) Although section 3744, subdivision (c) now provides two examples of persons against whom SISF may bring an action, the language "including, but not limited to" indicates that the examples are not exclusive. (*In re D.O.* (2016) 247 Cal.App.4th 166, 175; *Rea v. Blue Shield of California* (2014) 226 Cal.App.4th 1209, 1227.) Nothing in the legislative history materials submitted by Mainstay's clients suggests that the Legislature intended to limit the class of persons against whom SISF

---

[5] SISF moved to strike portions of the reply filed by Mainstay's clients in this court on April 26, 2016 on the ground that Mainstay's clients raised new matter in their reply. The motion is denied.

may bring an action. (Sen. Com. on Indus. Relations, Analysis of Assem. Bill No. 2724 (1985-1986 Reg. Sess.), as amended May 21, 1986; Dept. of Finance, Analysis of Assem. Bill No. 2724, as amended August 14, 1986.)

Mainstay's clients next argue that although section 3744, subdivision (e) provides that venue in a section 3744 action shall be in the Sacramento County Superior Court at the election of SISF, we cannot apply that provision retroactively to this action. It is true that the Legislature added subdivision (e) to section 3744 in 2012 when it passed Senate Bill No. 863, and it became effective on January 1, 2013. (Stats. 2012, ch. 363, § 24, p. 3743.) But section 84 of Senate Bill No. 863 states: "This act shall apply to all pending matters, regardless of date of injury, unless otherwise specified in this act, but shall not be a basis to rescind, alter, amend, or reopen any final award of workers' compensation benefits." (Stats. 2012, ch. 363, § 84, p. 3795.) Accordingly, subdivision (e) applies to all pending matters, including this action. However, even if the venue provision in subdivision (e) did not apply, section 3744, subdivision (c) authorizes SISF to bring this action against Mainstay's clients.

Mainstay's clients further maintain the trial court's ruling is contrary to *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800. But *Vacanti* did not involve a statute like section 3774, subdivision (c), which authorizes an action in state court as opposed to a claim before the Appeals Board.

In addition, Mainstay's clients cite *Snyder v. Michael's Stores, Inc.* (1997) 16 Cal.4th 991 in arguing that SISF's action is subject to workers' compensation exclusivity because the action is derivative of an employee injury. *Snyder* is inapposite, holding that a plaintiff's action for damages for injuries she suffered *in utero* when her mother was exposed to toxic levels of carbon monoxide at her workplace was not subject to the exclusive remedy provisions of the Act because the plaintiff sought recompense for her own injuries, not damages for an injury to the employee. (*Snyder, supra*, 16 Cal.4th at pp. 994, 1000.) Nevertheless, it is true that third party civil actions have been held to

11

be subject to the exclusive remedy provisions of the Act when the action is necessarily dependent on the existence of an employee injury (*Snyder, supra*, 16 Cal.4th at pp. 997-1000), and here SISF's claim is necessarily dependent on the existence of employee injuries (i.e., without an employee injury, SISF would have no basis for seeking reimbursement from Mainstay's clients). But as we have explained, the Legislature has expressly adopted an exception to exclusivity in this circumstance, providing that SISF may bring an action in court against persons like Mainstay's clients. (§ 3744, subd. (c).) SISF's claim is not subject to the exclusive remedy provisions of the Act.

III

Mainstay's clients argue SISF's civil action is barred because they entered into agreements with Mainstay in compliance with section 3602, subdivision (d). Section 3602, subdivision (d) says that a special employer may secure the payment of compensation for employees by means of an agreement requiring the general employer to obtain workers' compensation coverage for the employees, and under such circumstances, both employers shall have secured the payment of compensation and "shall not be subject to civil, criminal, or other penalties" for failure to provide workers' compensation coverage. (§ 3602, subd. (d)(2).)

Section 3602, subdivision (d) protects employers from tort liability and penalties, but SISF's action does not seek tort liability or penalties. Rather, it seeks reimbursement based on the statutory grant of a right of action. (§§ 3602, subd. (a), 3744, subd. (c).) No conflict exists, but even if it did, the more specific provisions of section 3744, subdivision (c) would control. (*San Francisco Taxpayers Assn., supra,* 2 Cal.4th at p. 577; *Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7.)

Because we conclude compliance with section 3602, subdivision (d) does not bar SISF's action against Mainstay's clients, we need not decide whether SISF judicially admitted that the agreements between Mainstay's clients and Mainstay comply with

12

section 3602, subdivision (d) or whether SISF should be judicially estopped from disputing such fact.

## DISPOSITION

The petition for writ of mandate and/or prohibition is denied. The stay previously issued is vacated upon the finality of this decision. SISF shall recover its costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a).)


      /S/                  

MAURO, J.

We concur:


      /S/             

BLEASE, Acting P. J.


      /S/             

NICHOLSON, J.

Filed 10/13/17

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| AMERICAN CARGO EXPRESS, INC., et al., | C081125 |
| Petitioners, | (Super. Ct. No. 34201100113628) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING, AND GRANTING REQUEST TO PUBLISH |
| Respondent; | |
| CALIFORNIA SELF-INSURERS' SECURITY FUND, | |
| Real Party in Interest. | [NO CHANGE IN JUDGMENT] |


ORIGINAL PROCEEDINGS in mandate and/or prohibition.  Alan G. Perkins, Judge.  Petition denied.


Roxborough, Pomerance, Nye & Adreani, Drew E. Pomerance and Marina N. Vitek for Petitioners American Cargo Express, Inc., AMR Staffing, Inc., Aware Products, LLC, Brookvale International, LLC, California Cartage Company, Inc., Custom Goods, LLC, Ilad, Inc., Jack H. Caldwell & Sons, Inc., Maruzen Of America, Inc., Michael Kors

(USA) Inc., Midas Express, Inc., Nippon Express, USA, Inc., Performance Team Freight Systems, Inc., Price Transfer, Inc., Quest Staffing, Inc., Reliable Resources, Inc., and Trichromatic-West, Inc.

Lewis Brisbois Bisgaard & Smith, Steven G. Gatley and Kerri R. Lutfey for Petitioner Beacon Property Management, Inc.

Brown Law Group, Stacy L. Fode and Luis E. Lorenzana for Petitioner Brook Furniture Rental, Inc.

Morris Polich & Purdy, Lane E. Webb and Micah M. Hoffman for Petitioner Willmark Communities, Inc.

No appearance for Respondent.

Nixon Peabody and Karl D. Belgum for Real Party in Interest.

THE COURT:

It is ordered that the opinion filed in this case on September 15, 2017, be modified as follows:

On page 1, first paragraph, third sentence, after "pleadings against Mainstay's clients" insert the following:

, finding that SISF stated a cause of action under Labor Code section 3744, subdivision (c), that section 3602, subdivision (d) did not constitute a defense thereto, and that SISF's cause of action was not subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board (Appeals Board).

After "Labor Code section 3744, subdivision (c)," of the previously inserted section, insert the following footnote:

Undesignated statutory references are to the Labor Code.

On page 2, first line, remove "Labor Code" and footnote one.

On page 2, third and fourth lines, remove "Workers Compensation Appeals Board (Appeals Board)" and insert the following:

Appeals Board

On page 2, first full paragraph, remove "We will affirm the judgment" and insert the following:

We conclude SISF can bring a section 3744, subdivision (c) action against Mainstay's clients in superior court and the section 3602, subdivision (d) defense by Mainstay's clients does not bar SISF's action. We will deny the petition for writ of mandate and/or prohibition by Mainstay's clients.

On page 5, first full paragraph, second sentence, after "but SISF obtained judgment on the pleadings" remove "on" and insert the following:

as to the section 3602, subdivision (d) defense Mainstay's clients asserted with regard to

On page 5, first paragraph under "STANDARD OF REVIEW," after the first sentence, insert the following:

A plaintiff may move for judgment on the pleadings on the ground that the complaint states facts sufficient to constitute a cause of action against the defendant and the answer does not state facts sufficient to constitute a defense to the complaint. (Code Civ. Proc., § 438, subd. (c)(1)(A).)

On page 10, second full paragraph, third sentence, after "amended section 3744, subdivision (c) in 1986 to add the following language after the words" insert the following:

"assumed by the fund"

16

This modification does not change the judgment.

The petition for rehearing is denied.

The opinion in the above-entitled matter filed on September 15, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:


_____/S/_____
BLEASE, Acting P. J.


_____/S/_____
NICHOLSON, J.


_____/S/_____
MAURO, J.